IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JONATHAN MORTON | § | |
| VS. | § | CIVIL ACTION NO. 5:17-CV-10 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Jonathan Morton, a prisoner currently confined at the Barry Telford Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket No. 1.

The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be denied as barred by the applicable statute of limitations. Docket No. 7.

The Court has received and considered the Report and Recommendation of the United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge.[1] This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

The Magistrate Judge ordered the Respondent to file a supplemental response in light of petitioner's objections. After careful consideration of petitioner's objections and the supplemental response, the Court finds the objections lacking in merit.

---

[1] Petitioner filed several pleadings with the Court asserting his petition was not barred by the applicable statute of limitations. *See* Objections (Docket No. 8), Response in Opposition to Motion to Dismiss (Docket No. 10), Motion for Leave to File an Amended Petition (Docket No. 11), Amended Petition (Docket No. 17) and Response/Objections (Docket No. 18). This Court liberally construes all of these pleadings as Objections to the Report and Recommendation.

Petitioner argues the one-year limitations period should not have started until December 16, 2015, the date a TDCJ employee, Connie Tisdale, sent him a letter finding no merit to his claims and deeming no further review necessary. Although not explicitly stated, petitioner appears to assert the alternative start date of § 2244(d)(1)(A). Docket No. 8 at 1. The Fifth Circuit, however, rejected this approach in *Kimbrell v. Cockrell*, 311 F.3d 361, 363-364 (5th Cir. 2002). In *Kimbrell*, the petitioner argued that § 2244(d)(1)(A) should apply to habeas challenges to disciplinary hearings and that the time limit should not start to run until the end of the administrative review process for a disciplinary hearing. *Id*. at 364. The Fifth Circuit disagreed, holding that § 2244(d)(1)(A) applies only to the judgment of conviction and cannot be expanded to include an administrative ruling determining the manner in which the sentence will be carried out. *Id*. The Fifth Circuit held the limitations period began when Kimbrell knew he was going to lose good conduct time, which was the day he was found guilty of the original proceeding. *Id*.

As outlined by the Magistrate Judge in the Report and Recommendation, § 2244(d)(1)(D) applies to a disciplinary conviction. Docket No. 7 at 3 –4. The one-year period commences when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* at 363 (5th Cir. 2002). Petitioner knew he was deprived of 364 days of good conduct time for the offense of assaulting an officer without a weapon when the hearing was held on February 9, 2015. Absent statutory tolling, petitioner's limitations period would have expired one year later on February 9, 2016.

As acknowledged by the Magistrate Judge, prison disciplinary grievances qualify for statutory tolling. *Kimbrell,* 311 F.3d at 364. Petitioner's Step 1 grievance was pending from February 23, 2015 to February 27, 2015 and his Step 2 grievance was pending from March 3, 2015 to March 9, 2015. The grievances were thus pending for a total of 12 days, pushing petitioner's limitations expiration date back to February 21, 2016. Petitioner's federal application filed December 4, 2016 was approximately ten months too late.

Even assuming, without finding, that TDCJ employee Tisdale's informal review of the disciplinary conviction was somehow a part of the formal exhaustion process, statutory tolling still

does not save this petition. At the earliest, petitioner sent his letter to TDCJ employee Tisdale on December 9, 2015. Docket No. 16-1. TDCJ employee Tisdale wrote a letter in response on December 16, 2015. Docket No. 10-1. Any such review would warrant only seven days maximum of statutory tolling which is insufficient to save this petition. Petitioner has also failed to demonstrate any facts entitling him to equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1983).

Accordingly, petitioner's objections are overruled.[2] The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

---

[2] To the extent petitioner argues he is entitled to an entry of default judgment, this claim also lacks merit. Contrary to petitioner's assertion, he did not file a motion for entry of default. The responses, as ordered, were timely or properly extended by the Magistrate Judge.

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**SIGNED this 9th day of January, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE